IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA G. CASTILLANES,  §  | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:23-cv-01614-N (BT) | |
| § | | |
| SERVICEMAN'S GROUP § | | |
| LIFE INSURANCE, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Amanda G. Castillanes initiated this *pro se* civil action on July 19, 2023, when she filed a complaint, motion for leave to proceed *in forma pauperis*, and a motion to appoint counsel. The Court attempted to screen her complaint, but the complaint failed to comply with [Federal Rule of Civil Procedure 8(a)](), which requires a short and plain statement of the claims showing plaintiff is entitled to relief. The Court sent Castillanes a Notice of Deficiency and Order ([ECF No. 8]()) directing her to file a complaint in compliance with Rule 8(a). The Order further informed Castillanes that failure to respond and cure the deficiency by August 24 could result in a recommendation that her case be dismissed. Castillanes has not filed an amended complaint or otherwise complied with the Court's July 24 Order. Therefore, this case should be dismissed without prejudice pursuant to [Federal Rule of Civil Procedure 41(b)]().

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Castillanes did not respond to the Notice of Deficiency and Order; nor did she file a complaint that complies with Rule 8(a). She has thus failed to comply with the Court's order. And the Court cannot distinguish Castillanes's claims as presented. She has named "Serviceman's Group Life Insurance," (SGLI) located in Indianapolis, Indiana, as the sole defendant, and she states that she has had ongoing "accounting issues" with this organization for some time. Compl. 1 (ECF No. 3). Castillanes accuses SGLI of "double dipp[ing]," and states that—while she was on active duty—SGLI would take $256 from her paycheck. Castillanes further contends that no matter how often she addressed these issues with her payroll office, "it fell on deaf ears." *Id.* She concludes that because the issue was never remedied,

2

she is now suing for "payments/interests and damages." *Id*. On the civil cover sheet attached to her complaint, she indicates that she is seeking $35,000 in damages. *Id*. 2.

Castillanes's complaint does not identify the grounds for the court's jurisdiction. Fed. R. C. P. 8(a)(1). Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Castillanes does not identify a federal law giving rise to her claim; nor does she allege that the amount in controversy exceeds $75,000.

Castillanes also fails to provide a short and plain statement of her claim(s) showing she is entitled to relief. *See* [Fed. R. C. P. 8(a)(2)](), She does not allege sufficient facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007).

3

This litigation cannot proceed until she cures this deficiency by filing a complaint in compliance with Rule 8(a). Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Castillanes's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 1, 2023.

                                            REBECCA RUTHERFORD
                                            UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).